UNITED STATES BANKRUTPCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) Case No. 15-15610-MER |
| SUN RIVER ENERGY, INC. | ) |
| | ) Involuntary Chapter 7 |
| Debtor | ) |

**MOTION TO DISMISS OR TRANSFER VENUE TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS**

Creditor and Interested Party James E. Pennington files this Motion to Dismiss or to Transfer Venue to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division pursuant to Fed. R. Bankr. P. 1014.

## I. ISSUE

1. Venue, as a matter of law, is not proper in the District of Colorado under 28 U.S.C § 1408 because Sun River's principal place of business is and has been located in Dallas, Texas for almost five (5) consecutive years and its only assets are located in Texas. Indeed, there are no assets belonging to Debtor in the State of Colorado and there are no operations of any nature in Colorado. As such, this case must be transferred to the Bankruptcy Court for the Northern District of Texas or dismissed.

2. Even assuming venue were proper in Colorado, venue should still be transferred to the Dallas Division of the Northern District of Texas in the interest of justice and for the convenience of the parties pursuant to Bankruptcy Rule 1014(a). The Dallas Division provides the most convenient and appropriate forum to the parties-in-interest for the following reasons: (1) the Debtor's principal place of business is located in Dallas; (2) the Debtor's only offices are

___

**MOTION TO DISMISS OR TRANSFER VENUE TO THE UNITED STATES
BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS**                    Page 1

located in Dallas; (3) at least a dozen of Debtors' creditors with debts exceeding $10,000,000 are located in Dallas including but not limited to the Texas State Work Force Commission and the Internal Revenue Service (total debt of Debtor to Texas residents or entities exceeds $14,000,000.00); (4) all of Debtor's current and former executives including the sole remaining officer and one of two remaining directors live in the City of Dallas; (5) much of the litigation involving Debtor, its management and directors as well as its assets (and the legal counsel associated therewith) has been located in Dallas; (6) all books and records of Debtor are maintained in Dallas, including all information on all other potential creditors; (7) all remaining assets of Debtor are in Texas and those assets have multiple Texas State court claims and liens against them. Clearly, the Dallas Division of the Northern District of Texas would be the most convenient venue. Consequently, by this Motion, Pennington seeks the entry of an order transferring the case to the Bankruptcy Court for the Dallas Division of the Northern District of Texas.

## II. Jurisdiction

3. The Court has authority to grant the relief requested pursuant to 28 U.S.C. § 1404(a) and Bankruptcy Rule 1014.

## III. Summary of Facts

4. On May 21, 2015 an involuntary petition was filed against Debtor, Sun River Energy, Inc. ("Sun River"), by three (3) creditors.[1] With respect to the issue of venue, the three (3) petitioning creditors checked the box on Official Form 5 that the debtor, Sun River, a Colorado Corporation, had been domiciled or had a residence, or principal place of business in the District

---

[1] None of the three (3) petitioning creditors reside in Colorado: one resides in Georgia, one resides in Florida and another resides in Wyoming.

---

**MOTION TO DISMISS OR TRANSFER VENUE TO THE UNITED STATES
BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS**     **Page 2**

of Colorado for the 180 days preceding the filing of the petition. None of these assertions by the petitioning creditors are true.

5. Sun River has maintained its corporate offices including those of its executives and its operations in Dallas, Texas since August, 2010. Its current office is 5646 Milton St., Ste. 130, Dallas, Texas. Sun River has maintained its sole office at this location for three (3) years. *See* Declaration of Thimothy S. Wafford. Wafford at 1.

6. Thimothy S. Wafford, Sun River's Chief Operating Officer, is the sole remaining executive. He maintains an office at 5646 Milton St., Ste. 130, Dallas, Texas. Wafford at 1.

7. Donal R. Schmidt, Jr., the current chairman of the board of directors of Sun River and former CEO/President, lives in Dallas and maintains his office at 5646 Milton St., Ste. 130, Dallas, Texas. Wafford at 2.

8. All records of Sun River, a former publically traded corporation with a market capitalization in excess of $175,000,000.00, are stored at 5646 Milton St., Ste. 130, Dallas, Texas. The records are voluminous. Wafford at 2.

9. The former treasure and senior accountant who could be able to assist the U.S. Trustee with the preparation of the Debtor's matrix both still maintain offices at 5646 Milton St., Ste. 130, Dallas, Texas. Wafford at 2.

10. All computer equipment containing any data related to creditors and assets is located at 5646 Milton St., Ste. 130, Dallas, Texas. Wafford at 2.

11. All of Sun River's corporate and trial attorneys are located in Dallas. Wafford at 2.

12. All of Sun River's certified public accountants who performed its audits which were published as a public company are located in Dallas. Wafford at 2.

13. The majority (in excess of 20) former senior corporate personnel are located in Dallas. Wafford at 2.

14. All tangible and intangible assets of Sun River (arguably worth as much as $5,000,000.00) are located in Texas. These assets include, but are not limited to, accounts receivables, bonds, judgments owed to Sun River by third-parties awarded in suits in Federal Court in the Northern District of Texas against Texas residents, mineral interest in Texas, pipe lines in Texas, right of ways in Texas, well files related to production in Texas, and office equipment and furniture stored in Dallas. Wafford at 2.

15. In excess of 150 creditors of Sun River are located in Texas. Less than 5 are located in other Federal Jurisdictions and only one is located in Colorado. Wafford at 2.

## IV. Legal Analysis

**STATUE AND AUTHORITY ESTABLISH AS A MATTER OF LAW VENUE IS PROPER ONLY IN THE NORTHERN DISTRICT OF TEXAS**

16. Venue under Title 11 is controlled by 28 U.S.C § 1408. The relevant language of § 1408 states:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district--
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district.

§ 1408.

17. It is axiomatic that domicile and residence generally do not apply to corporations. *See In re Condor Exploration, LLC* 294 B.R. 370 (Bankr. D. Colo. 2003) *citing In re Standard Tank*

*Cleaning Corp.,* 133 B.R. 562, 564 (Bankr. E.D.N.Y. 1991). As such, the petitioning creditors must file their petition where Sun River has its principal place of business and its assets. *Condor* at 374. This is the controlling law in the Tenth Federal Circuit which has been applied in the District of Colorado. *Id.* citing *In re Broady,* 247 B.R. 470, 473 (8th Cir. BAP 2000) and *Standard Tank,* 133 B.R. at 564. As discussed in *Condor*, the Tenth Circuit Court of Appeals has held the issue of principal place of business is one of fact as to where the corporation does business. *Condor* at 374 *citing In the Matter of Guarantee Acceptance Corporation v. Fidelity Mortgage Investors,* 544 F.2d 449 (10th Cir.1976). *Condor* goes on to discuss that where a debtor's primary decision makers are located determines its principal place of business.

18. The facts will be undisputed that Dallas, Texas has been Sun River's principal place of business for almost five (5) years and remains so as of the date of the filing of this motion.

19. As noted in *Condor*, this Court must look to the following relevant factors to determine Sun River's principal place of business: (1) the location of primary decision-making; (2) the location of company books, records, accounting and other management information; (3) the location of day-to-day activities; and (4) the location of personnel, equipment and assets. *Condor* at 374. Using this test, no other conclusion can be reached.

20. A review of the Statement of Thimothy S. Wafford leads the Court to conclude the following:

    (1) The location where all primary decisions were made for the last five (5) years and which continue to be made today is Dallas, Texas;

    (2) All of Sun River's books and records including computers are located in Dallas, Texas.

(3) Day-to-day activities still occur at 5646 Milton St., Ste. 130, Dallas, Texas because the Chairman of the Board of Directors, Don Schmidt and its Chief Operating Officer, Tim Wafford maintain offices at this address and both individuals live in Dallas, Texas; and

(4) All current and former executive level and senior accounting and legal personnel live and work in Dallas and all remaining assets are located in the State of Texas.

21. As such, this Court must find that no factual basis exist that could establish Sun River's principal place of business anywhere but Dallas. In addition, the Court must find all assets are located in Texas. Therefore applying the facts to 28 U.S.C § 1408 must result in a finding that the Northern District of Texas is the only proper venue for this matter.

### IN THE ALTERNATIVE, IN THE INTEREST OF JUSTICE AND THE CONVENIENCE OF THE PARTIES DICTATE THAT THE COURT TRANSFER THIS CASE TO THE NORTHERN DISTRICT OF TEXAS

22. In the alternative, even if venue might be proper in another forum, the same factual basis which support the analysis under 28 U.S.C. § 1408 establish the matter should be transferred or dismissed. For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. 1404(A). The Debtor's choice to file this case in the District of Colorado does not withstand scrutiny because none of the parties or witnesses are located in Colorado; rather, all of the parties and witnesses are located in Dallas, Texas. 28 U.S.C. § 1404(a) provides a mechanism for transfer to another division if the Court determines that the transfer is in the interest of justice or for the convenience of the parties.

**(A) Interest of Justice**

23. "The 'interest of justice'… is a broad and flexible standard which must be applied on a case by case basis." *In re Eclair Bakery Ltd.,* 255 B.R. 121, 141 (Bankr. S.D.N.Y. 2000). When considering a transfer of venue, Courts have previously found that flagrant forum shopping is not in the "interest of justice." *Id*.

24. Moreover, Courts have previously found that the "expectations of the parties" should be considered when determining whether venue is appropriate. See *In re Washington, Perito & Dubuc,* 154 B.R. 853, 861 (Bankr. S.D.N.Y. 1993). Applying the *Washington* analysis here, with Debtor's extensive Dallas and Texas contacts, it is doubtful that any creditor involved with the Debtor would "expect" that the Debtor would file bankruptcy in Colorado. Even the three (3) petitioning creditors don't live in Colorado. In fact, two (2) live in Georgia and Florida.

25. Another factor considered by courts in deciding whether the "interest of justice" is served is whether either forum (the current or prospective) has an interest in seeing the bankruptcy adjudicated in its forum. See, e.g., *In re Enron Corp.*, 317 B.R. 629, 639 (Bankr. S.D.N.Y. 2004). As shown in Wafford's Declaration, the only tie to Colorado with the Debtor is tenuous, at best it was incorporated in Colorado over a decade ago. On the other hand, Dallas has a significant interest in this bankruptcy case. Over 150 creditors are located in Texas with the largest creditors living in Dallas, a majority of litigation matters have occurred in Dallas and all of Debtor's assets and records are located in Texas.

**(B) Convenience of the Parties**

26. As noted by the Court of Appeals for the Second Circuit, "[v]enue is a forum limitation imposed for the convenience of the parties." *United States of America v. Laird*, 412 F.2d 16, 20 (2d Cir. 1969). In determining the "convenience of the parties," the factors the court should

consider were set forth by the Fifth Circuit Court of Appeals in *In re Commonwealth Oil Refining Co.,* 596 F.2d 1239, 1247 (5th Cir. 1979). The factors considered are (i) the proximity of creditors of every kind to the court; (ii) the proximity of the debtor to the court; (iii) the proximity of the witnesses necessary to the administration of the estate; (iv) the location of the assets; and (v) the economic administration of the estate.

27. As the facts indicate above, all of these factors weigh in favor of transferring this case to Dallas. Over 95% of all creditors are located in Texas, with many, including the largest, being in Dallas. The only remaining officer and one of the remaining two (2) directors live in Dallas and both still maintain an office at the offices of Debtor where all of the records are stored which relate to assets and creditors. Two former directors who resigned in the spring of 2015 both live in Dallas. Mail for Debtor still comes to Debtor's office. Former employees including the former treasure and senior accountant maintain offices at this location. The former general counsel and his assistant who resigned several months ago both live in Dallas. The Debtors corporate and trial attorneys over the prior five year (5) period all are located in Dallas. The Debtor's certified public accountants are located in Dallas. In short, all potential witnesses are located in Dallas. As there are no witness living in Colorado and almost any conceivable witness lives in Dallas. As such, it would not only be inconvenient for them to travel to Colorado but disruptive to the Court's ability to schedule fair and equitable hearings on a timely basis for the benefit of a majority of the creditors.

28. Transferring the venue of the Debtor's case to Dallas will alleviate considerable time and expense that will be incurred by the Debtor, its creditors and witnesses if they are forced to travel to Colorado for hearings or other matters. Additionally, the transfer of this case will promote

judicial economy, as the Debtor, its assets and 95% creditors are all located in Texas if not in Dallas County itself.

29. Both the creditors and the Debtor will have more efficient access to the proceedings if the case is transferred to the Dallas. Accordingly, the costs to the creditors and the Debtor in terms of both time and money will be significantly lowered.

30. Finally, although not dispositive, Texas law applied to the remaining assets will be imminently more familiar to the US Trustee in Dallas than in Colorado.

## V. CONCLUSION

31. The foregoing demonstrates as a matter of law that venue is proper only in the U.S. Bankruptcy Court of the Dallas Division of the Northern District of Texas and in the alternative that the convenience of the parties and the interest of justice require this case be transferred to the most appropriate venue, the Dallas Division of the Northern District of Texas.

WHEREFORE Pennington respectfully requests that the Court dismiss this matter or transfer the Debtor's case to the Bankruptcy Court for the Northern District of Texas, Dallas Division, where venue is proper under 28 U.S.C. § 1401 and would otherwise be appropriate under 28 U.S.C. § 1404(a). Additionally, Pennington requests such other and further relief as is just and proper.

Dated June 22, 2015

Respectfully submitted,

s/ James E. Pennington
James E. Pennington
LAW OFFICES OF JAMES E. PENNINGTON
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone: 214-741-3022
Facsimile: 214-741-3055
Email: jep@jeplawyer.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2015, a true and correct copy of the foregoing **MOTION TO DISMISS OR TRANSFER VENUE TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS** was served electronically or placed in the United States mail, postage prepaid, addressed as follows:

| | |
|---|---|
| Jordan D. Factor<br>ALLEN & VELLONE, P.C.<br>1600 Stout Street, Ste. 1100<br>Denver, CO 80202-3160 | *Via First Class Mail* |
| Bob Fowler<br>Nova Leasing, LLC<br>P.O. Box 917<br>Casper, WY 82602-0917 | *Via First Class Mail* |
| Cyd Hunt<br>910 13th St., Ste. 200<br>Golden, CO 80401-0731 | *Via First Class Mail* |
| M. Gabriel McFarland<br>910 13th St., Ste. 200<br>Golden, CO 80401-0731 | *Via First Class Mail* |
| Christian C. Onsager<br>ONSAGER | GUYERSON |<br>    FLETCHER | JOHNSON LLC<br>1801 Broadway, Ste. 900<br>Denver, CO 80202-3858 | *Via Email: consager@ogfj-law.com* |
| Steve Stephens<br>c/o Erik S. Nelson<br>P.O. Box 191767<br>Atlanta, GA 31119-1767 | *Via First Class Mail* |
| Sun River Energy, Inc.<br>5646 Milton St., Ste. 130<br>Dallas, Texas 75206 | *Via First Class Mail* |

_____
**MOTION TO DISMISS OR TRANSFER VENUE TO THE UNITED STATES
BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS                            Page 11**

| | |
|---|---|
| Erik S. Nelson<br>P.O. Box 191767<br>Atlanta, GA 31119-1767 | *Via First Class Mail* |
| Torben M. Welch<br>MESSNER REEVES LLP<br>1430 Wynkoop Street, Suite 300<br>Denver, CO 80202 | *Via Email: twelch@messner.com* |
| George D. Giddens<br>THE LAW OFFICE OF<br>  GEORGE "DAVE" GIDDENS, P.C.<br>10400 Academy, Suite 350<br>Albuquerque, NM 87111 | *Via Email: dave@giddenslaw.com* |
| Nickay B. Manning<br>NICKAY B. MANNING, LLC<br>725 Sierra Vista Road<br>Corrales NM 87048 | *Via Email: nbmanningllc@gmail.com* |
| US Trustee<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Ste. 12-200<br>Denver, CO 80294-1961 | *Via Email: USTPRegion19.DV.ECF@usdoj.gov* |
| Harvey Sender, Esq.<br>Trustee<br>Byron G. Rogers Federal Building<br>1961 Stout St., Ste. 12-200<br>Denver, CO 80294 | *Via Email: USTPRegion19.DV.ECF@usdoj.gov* |

                                                  <u>s/ James E. Pennington</u>
                                                  James E. Pennington

UNITED STATES BANKRUTPCY COURT
DISTRICT OF COLORADO

In re: )
) Case No. 15-15610-MER
SUN RIVER ENERGY, INC. )
) Involuntary Chapter 7
Debtor )

## DECLARATION OF THIMOTHY S. WAFFORD

Pursuant to 28 U.S.C. § 1746, Thimothy S. Wafford declares and states as follows:

1. My name is Thimothy S. Wafford. I am over 18 years of age, of sound mind, and capable of making this Declaration. The facts stated in this Declaration are within my personal knowledge and are true and correct.

2. I am the current Chief Operating Officer of Sun River Energy, Inc. ("Sun River"). I have held this position since August 3, 2010. I am also the corporate secretary.

3. Sun River moved its corporate offices including those of its executives and its operations from Colorado to Dallas, Texas in August, 2010. Its current office is 5646 Milton St., Ste. 130, Dallas, Texas. Sun River has maintained this sole office at this location for three (3) years. There are no other offices.

4. I am Sun River's sole remaining executive. I maintain an office at 5646 Milton St., Ste. 130, Dallas, Texas. I live in Dallas, Texas.

Declaration of Thimothy S. Wafford in support of
Motion to Dismiss or in the Alternative to Transfer Venue.

Page 1

5. Donal R. Schmidt, Jr. the current chairman of the board of directors of Sun River an former CEO/President, lives in Dallas and maintains his office at 5646 Milton St., Ste. 130, Dallas, Texas.

6. All records of Sun River, a former publically traded corporation with a market capitalization once in excess of $175,000,000.00, are stored at 5646 Milton St., Ste. 130, Dallas, Texas. The records are voluminous.

7. The former treasure and senior accountant who could be able to assist the U.S. Trustee with the preparation of the Debtor's matrix both still maintain offices at 5646 Milton St., Ste. 130, Dallas, Texas. Both live in Dallas or the surrounding area.

8. All computer equipment containing any data related to creditors and assets is located at 5646 Milton St., Ste. 130, Dallas, Texas

9. All of Sun River's corporate and trial attorneys are located in Dallas.

10. All of Sun River's certified public accountants who performed its audits which were published as a public company are located in Dallas.

11. The majority (in excess of 20) former senior corporate personnel are located in Dallas.

12. All tangible and intangible assets of Sun River (arguably worth as much as $5,000,000.00) are located in Texas. These assets include, but are not limited to, accounts receivables, bonds, judgments owed to Sun River by third-parties awarded in suits in Federal Court in the Northern District of Texas against Texas residents, mineral interest in Texas, pipe lines in Texas, right of ways in Texas, well files related to production in Texas, and office equipment and furniture stored in Dallas.

13. In excess of 150 creditors of Sun River are located in Texas. To my knowledge, less than five (5) are located in other Federal Jurisdictions and only one is located in Colorado.

Declaration of Thimothy S. Wafford in support of
Motion to Dismiss or in the Alternative to Transfer Venue.

Page 2

14. It would be a great and possibly insurmountable burden in both time and money on not only me but other potential witnesses to travel to Colorado or produce any of the voluminous records available in Dallas, Texas.

15. I declare under penalty of perjury that the foregoing is true and correct.

Dated June 22, 2015

_____
Thimothy S. Wafford

Declaration of Thimothy S. Wafford in support of
Motion to Dismiss or in the Alternative to Transfer Venue.

Page 3