

Signed/Docketed
August 13, 2015

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
# The Honorable Michael E. Romero

| | |
|---|---|
| In re ) | |
| ) | Case No. 15-15610 MER |
| SUN RIVER ENERGY, INC. ) | |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | |

## ORDER

This matter comes before the Court on the Chapter 7 Trustee's Application to Employ Sender Wasserman Wadsworth, P.C. (the "Firm") as Attorney for Trustee (the "Application")[1], and the Objection to the Application (the "Objection") filed by creditor James E. Pennington ("Pennington").[2] For the reasons stated below, the Court concludes its Order approving the Application shall remain in effect.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) because it concerns the administration of the estate.

## BACKGROUND

This case was commenced by the filing of an involuntary Chapter 7 petition by three creditors on May 21, 2015. No response was filed to the petition and summons, and the Order for Relief was entered June 17, 2015.[3] Harvey Sender was appointed Chapter 7 Trustee (the "Trustee"), and filed

---

[1] Docket No. 23.

[2] Docket No. 28. On the same date, Pennington filed Supplemental Exhibits related to the Objection at Docket No. 29.

[3] Docket No. 17.

the Application on June 23, 2015.[4]  The Trustee is a partner of the Firm.  The Court reviewed the Application and entered an Order approving it on June 25, 2015.[5]  Pennington filed his Objection on June 26, 2015.[6]

Pennington first argues his Motion to Dismiss or Transfer Venue should be determined before the Firm is approved, because if the case is transferred the employment will be moot.  Second, he contends the Firm has not shown its employment is in the best interests of the estate, and has not demonstrated exceptional and special circumstances under 11 U.S.C. § 327(d).[7]  Third, Pennington challenges whether prompt employment of counsel for the Trustee is necessary because a foreclosure action is pending in New Mexico affecting estate property.  According to Pennington, the automatic stay does not apply to the subject property because it is no longer property of the Debtor, and was conveyed before the bankruptcy petition.  Thus, Pennington believes the Trustee does not need counsel in that matter.

## DISCUSSION

Pursuant to FED. R. BANKR. P. 2014(a) and Local Bankruptcy Rule 2014-1, the Application was not required to be sent out on notice because it did not contain a request to approve a retainer or other circumstances requiring notice under Local Bankruptcy Rule 2014-1.  Accordingly, the Court reviewed the Application, found it appropriate, and approved the Application.  Given the timing of the Objection, the Court will treat it as a motion to alter or amend a judgment.

FED. R. CIV. P. 59 and 60 apply to cases under the Bankruptcy Code pursuant to FED. R. BANKR. P. 9023 and 9024.  Although FED R. CIV. P. 59(e) provides a motion to alter or amend a judgment must be filed within 28 days of the entry of the judgment, FED. R. BANKR. P. 9023 shortens the deadline to file motions under Rule 59 to "no later than 14 days after entry of judgment."[8]  Here, Pennington filed his Objection the day after the entry of

---

[4]  Docket No. 23.

[5]  Docket No. 24.

[6]  Pennington has also filed a Motion to Dismiss or Transfer Venue to the United States Bankruptcy Court for the Northern District of Texas.  *See* Docket Nos. 20 and 21.

[7]  Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

[8]  FED. R. BANKR. P. 9023.

the Order approving the Application, so the Objection will be considered under Rule 59(e).

FED. R. CIV. P. 59(a) sets forth the grounds for a motion under Rule 59(e):

> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues–and to any party–as follows:
>
>> . . .
>>
>> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.[9]

"Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[10] Rule 59(e) motions are appropriate where a court has misapprehended the facts, a party's position, or controlling law.[11]

There has been no intervening change in the law controlling the Trustee's employment of professionals, nor has new evidence arisen. The facts of the Application are not in dispute, nor are the parties' positions. Therefore, the Court must determine if the granting of the Application was erroneous under controlling law, or would create manifest injustice.

**A.    The Firm's Employment is Proper Under Applicable Law**

*1.    The Trustee's Firm Meets the Requirements of Section 327(a).*

Under § 327(a), trustees may hire professionals with court approval:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not

---

[9] FED. R. CIV. P. 59(a)(1)(B).

[10] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[11] *See Paraclete*, 204 F.3d at 1012.

hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.[12]

Section 327(a) sets forth two requirements: (1) counsel must "not hold or represent an interest adverse to the estate" and (2) must be a "disinterested person."[13] "Together, the statutory requirements of disinterestedness and no interest adverse to the estate serve the important policy of ensuring that all professionals appointed pursuant to section 327(a) tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities."[14] "The propriety of employment under § 327 must be examined on a case-by-case basis."[15]

> a. <u>The Firm Does Not Hold or Represent an Interest Adverse to the Estate.</u>

The Bankruptcy Code does not define the phrase "hold or represent an interest adverse to the estate." However, the Courts in this Circuit, including this Court, have adopted the interpretation of the United States Bankruptcy Court for the District of Utah:

> To "hold an adverse interest" means for two or more entities (1) to possess or assert mutually exclusive claims to the same economic interest, thus creating either an actual or potential dispute between the rival claimants as to which, if any, of them the disputed right or title to the interest in question attaches under valid or applicable law; or (2) to possess a predisposition under circumstances that render such a bias in favor or against one of the entities.
>
> To "hold an interest adverse to the estate" means (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create an actual or portion dispute in which the estate is a rival claimant; or (2) to possess a

---

[12] 11 U.S.C. § 327(a).

[13] *In re 7677 East Berry Ave. Assoc., LLP*, 419 B.R. 833, 841 (Bankr. D. Colo. 2009) (citing *In re Cook*, 223 B.R. 782, 789 (10th Cir. BAP 1998)).

[14] *Id.* (citing *In re Crivello*, 134 F.3d 831, 836 (7th Cir. 1998)) (internal quotation omitted).

[15] *Id.* at 844.

predisposition under the circumstances that render such a bias against the estate.[16]

Further, the United States Court of Appeals for the Second Circuit concluded "counsel will be disqualified under section 327(a) only if it presently 'hold[s] or represent[s] an interest adverse to the estate,' notwithstanding any interests it may have held or represented in the past."[17] The Court agrees with the Second Circuit's conclusion and therefore will consider whether counsel presently "holds" or "represents" adverse interests or interests adverse to the estate.  In addition, the Court has previously held § 327(a) "does not mandate disqualifying counsel for potential conflicts."[18]

In this case, neither the Trustee nor his Firm hold or represent an adverse interest.  They are not related to any conflict between the parties who filed the involuntary petition in Colorado and the parties who are asserting Texas is the more appropriate venue.  Further, the Firm is assisting the Trustee to evaluate the estate's interest in the New Mexico property.  A naked allegation that the estate does not have an interest in such property does not make it so.  Rather, the disputed issue illustrates the need for objective review and action, and the Trustee needs assistance in conducting his investigation.

In addition, nothing in the record or Pennington's Objection supports a finding the Trustee or the Firm holds or represents an interest adverse to the estate.  Instead, their motive is to investigate, recover, and liquidate assets for the benefit of the estate, and, ultimately, the estate's creditors.

Accordingly, the Trustee's Firm meets the first requirement of § 327(a).

---

[16] *In re Roberts*, 46 B.R. 815, 826-827 (Bankr. D. Utah 1985), *aff'd in part and rev'd in part on other grounds*, 75 B.R. 402 (D. Utah 1987) (en banc) (relied upon by, *e.g.*, *In re AroChem. Corp.*, 176 F.3d 610, 623 (2nd Cir. 1999); *In re Crivello*, 134 F.3d at 835; *In re Harwell*, 2008 WL 239559, *3 (D. Colo. January 25, 2008) (not reported in F.Supp.2d); *In re Cook,* 223 B.R. at 789; and *In re Schwindt*, 2013 WL 321297, at *4 (Bankr. D. Colo. Jan. 28, 2013)).

[17] *In re AroChem Corp.*, 176 F.3d at 623 (focusing on the present tense of the language of § 327(a)).

[18] *Schwindt*, at * 4 (citations omitted).

  b. <u>The Firm is a Disinterested Person</u>.

The Bankruptcy Code defines "disinterested person" as one who:

(A) is not a creditor, an equity security holder, or an insider;
(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.[19]

Here, it is undisputed subsections (A) and (B) do not apply to the Firm. The only issue is whether the Firm could have an interest materially adverse to the estate, creditors, or equity security holders by reason of a direct or indirect relationship to the Debtor. However, both the Trustee and his Firm come to this case as strangers and objective third parties. Other than the Trustee's appointment as the estate's fiduciary, neither he nor his Firm have any direct or indirect connection to the Debtor. Accordingly, the Firm meets the second requirement of § 327(a).

  2. *Employment of the Firm is Appropriate Under § 327(d).*

Trustees may hire their own law firms as counsel.[20] However, the choice to hire one's own firm is tempered by § 327(d), which provides: "The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is the in the best interest of the estate."[21]

The often-cited *Interamericas* and *Butler* cases list various factors which can be helpful in considering the issue of whether the hiring of a trustee's firm is in the best interest of the estate.[22] However, the results will

---

[19] 11 U.S.C. § 101(14).

[20] *In re First State Bancorporation*, 2014 WL 1203141, at *2 (Bankr. D. N.M. March 24, 2014); *In re Kusler*, 224 B.R. 180, 193 (Bankr. N.D. Okla. 1998).

[21] 11 U.S.C. § 327(d).

[22] *See In re Interamericas, Ltd.*, 321 B.R. 830, 833 (Bankr. S.D. Tex. 2005) (quoting *In re Kusler*, *supra,* at 193) (internal quotation marks omitted) (listing the following factors with regard to a trustee's hiring of his own firm:

1) the qualifications of the members of the firm compared to the complexity of

vary depending on the circumstances of each case. The Court will therefore adopt the more flexible and less mechanical test set forth by the United States District Court for the Northern District of California:

> Both the *Interamericas* and *Michigan Interstate/Butler* decisions share a common emphasis of requiring the trustee to demonstrate the wisdom of appointing his own firm counsel. While the lines of cases differ in the illustrations they provide, a general concept emerges from all of them: absent a showing of substantial savings and/or efficiencies, appointment of a trustee's own law firm as counsel is not in the estate's best interest.[23]

Here, the savings and efficiencies to be obtained by the Trustee hiring the Firm are clear. Specifically, according to the Application and the record, disputes exist as to possible fraudulent or preferential transfers of substantially all of the estate's assets. Moreover, the Trustee alleges a pending foreclosure action is proceeding in New Mexico concerning real property which may be recoverable by the estate. These matters require prompt attention, and the Firm is willing to take needed action immediately, saving the Trustee the effort and time of finding another firm. Furthermore, the Trustee's Firm has not sought a retainer, and it appears payment is entirely contingent on recovery of assets through motions for turnover and other litigation. The Court also notes the Trustee's Firm is often hired by other Chapter 7 trustees to handle matters such as those in this case, and

---

the case; 2) whether the firm is regularly hired by others to handle similar litigation; 3) whether the anticipated litigation predominantly involves issues of bankruptcy law with which the law firm has particularized expertise; 4) whether the time commitment required to handle the case is consistent with the size of the firm and the balance of the firm's time commitments; 5) whether only a nominal amount of work must be performed; 6) the availability of other qualified firms to handle the case; 7) the rates charged by the firm compared to the rates charged by other qualified firms; 8) whether there will be material cost savings to the estate; and 9) other case-specific factors.

*See also In re Butler Industries, Inc.*, 101 B.R. 194, 197 (Bankr. C.D. Cal. 1989) (citing *In re Michigan Interstate Railway Co.*, 32 B.R. 325, 326 (Bankr. E.D. Mich. 1983) (holding appointment of a trustee's own firm might be warranted 1) where the estate consists primarily of causes of action and counsel would be paid out of any recovery; 2) where there is not enough work to justify the cost of outside counsel; 3) where significant legal action must be taken immediately to preserve assets of the estate; or 4) where the appointment of the trustee's own firm would result in a substantial cost reduction)).

[23] *In re SONICblue, Inc.*, 2007 WL 3342662, at *6 (N.D. Cal. Nov. 9, 2007) (Not Reported in F.Supp.2d).

the Firm and its attorneys have extensive experience in trustee representation in both routine and complex proceedings.  Finally, the rates charged by the Firm are, in this Court's experience, comparable with other, similar-sized firms in the Denver area.

Therefore, the Court finds the retention of the Firm is in the best interests of the estate pursuant to § 327(d).

**B.     Employment of the Firm Does Not Result in Manifest Injustice**

The Court finds the Application is not premature and the Trustee demonstrated his need for counsel to proceed.  The Motion to Dismiss or Transfer Venue is contested, and it is reasonable to allow the Trustee representation in that matter.  Additionally, the assertion that prompt legal action is not necessary because the New Mexico property is not property of the estate is based on an allegation disputed by the Trustee.  Further, as noted above, the Firm is shouldering the risk of nonpayment due to lack of funds in the estate.  Thus the proposed representation benefits the estate.  Rather than the Firm's employment creating injustice, the Court finds it would be unjust to deprive the Trustee and the estate of needed representation.

## CONCLUSION

For these reasons,

IT IS ORDERED Pennington's Objection is overruled.

IT IS FURTHER ORDERED the Court's Order Approving the Employment of Sender Wasserman Wadsworth, P.C. will stand as entered.

Dated August 13, 2015            BY THE COURT:

Michael E. Romero, Chief Judge
United States Bankruptcy Court