# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
# The Honorable Michael E. Romero

In re )
) Case No. 15-15610 MER
SUN RIVER ENERGY, INC., ) Chapter 7
)
Debtor. )

## ORDER DENYING REQUEST FOR DISMISSAL

This matter comes before the Court on the Motion to Dismiss or Transfer Venue (the "Motion") filed by James E. Pennington ("Pennington"). Based on the representations and legal argument presented by the parties made on the record at the hearing in this matter held August 25, 2015, and the Court's findings made of record at that hearing, the Court finds the Motion's request for dismissal of the above-captioned Chapter 7 case must be denied.

Pursuant to 28 U.S.C. § 1408(1):

[A] case under title 11 may be commenced in the district court for the district--

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district.[1]

In this case, the Debtor is domiciled in the District of Colorado because it was incorporated in Colorado, so it meets one of the four alternative tests set forth in the statute. This Court agrees with the United States Bankruptcy Court for the Northern District of Illinois, which held:

[S]ection 1408(1) treats individual and non-individual debtors exactly the same for the purpose of determining proper venue in which to bring a case under Title 11 U.S.C. *Id*. Therefore, the "domicile" of corporate debtors may be a proper venue for a case under the Code. 28 U.S.C. § 1408(1). To determine the domicile of a corporation we

---

[1] 28 U.S.C. § 1408(1).

look to the state of its incorporation. *In re FRG Inc.*, 107 B.R. 461, 471 (Bankr. S.D.N.Y. 1989) (citing *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957)).[2]

For these reasons,

IT IS ORDERED the Motion's request for dismissal is DENIED.

IT IS FURTHER ORDERED the only remaining issue to be tried at the evidentiary hearing set for November 18, 2015 is whether the venue of the above-captioned case should be transferred to the United States Bankruptcy Court for the Northern District of Texas.

Dated August 27, 2015				BY THE COURT:

						Michael E. Romero
						United States Bankruptcy Judge

---

[2] *In re Segno Communications, Inc.*, 264 B.R. 501, 506 (Bankr. N.D. Ill. 2001) (citing 1 Laurence P. King, *et al.*, *Collier on Bankruptcy*, ¶ 401[1] (Matthew Bender 15th Ed. Revised 2000)). The Court further finds Pennington's reliance on *In re Condor Exploration, LLC*, 294 B.R. 370, 373 (Bankr. D. Colo. 2003) to be misplaced. In that case, Judge Tallman merely observed domicile and residence **generally** apply to individuals rather than corporations. Moreover, that observation did not apply to the case before him, since the debtor in question had been incorporated in Nevada, not Colorado.)