**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SUN RIVER ENERGY, INC., | ) | Case No. 15-15610 MER |
| | ) | Chapter 7 |
| Debtor. | ) | |

**MOVANTS' CERTIFICATE OF CONTESTED MATTER AND**
**REQUEST FOR HEARING**

On November 4, 2015, Harvey Sender, Chapter 7 Trustee of the bankruptcy estate of Sun River Energy, Inc. ("Movant" or "Trustee") through his counsel Sender Wasserman Wadsworth, P.C., filed a motion pursuant to L.B.R. 9013-1 entitled Motion to Approve Settlement Agreement Between Trustee, Donal R. Schmidt, Jr., Sierra Foxtrot, L.P., and James E. Pennington ("Motion") and a notice pursuant to L.B.R. 9013-1.1 of the Motion ("Notice"). Movant hereby represents and shows the Court:

1. Service of the Motion, Notice and proposed order was timely made on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed.R.Bankr.P. and the L.B.R. as is shown on the Certificate of Service L.B.R. Form 9013-1.2, previously filed with the Motion on November 4, 2015.

2. Mailing of the Notice was timely made on all other creditors and parties in interest pursuant to L.B.R. 9013-1 and 2002-1 as is shown on the Certificate of Service L.B.R. Form 9013-1.2, filed on November 4, 2015.

3. An objection to the Motion was filed by the following party:

   a. Nova Leasing, LLC ("Nova") (Docket No. 127).

4. The docket numbers for each of the following relevant documents are:

   a. the Motion and all documents attached thereto and served therewith, (Docket No. 115);
   b. the Notice, (Docket No. 116);
   c. the Certificate of Service of the Motion and the Notice, (Docket No. 117); and
   d. the proposed order, (Docket No. 115).

5. Movant certifies that the parties have made a good faith effort to resolve this matter through telephonic conference without the necessity of a hearing. Movant certifies that a hearing will be necessary to resolve this matter.

6. Resolution of this contested matter will require an evidentiary hearing. Movant estimates the hearing will proceed as follows:

   a. Movant and Respondent estimate the hearing will require three days;
   b. Movant anticipates calling three witnesses: Trustee, Don Schmidt and Jim Pennington. Respondent anticipates calling seven witnesses.
   c. Movant and Respondent anticipate that expert testimony will not be required; and
   d. Movant and Respondent anticipate the need for discovery and request at least 90 days to complete such discovery.

WHEREFORE, Movant prays that the Court set this matter for hearing pursuant to L.B.R. 9013-1.

DATED this 4th day of December, 2015.

>Respectfully submitted,
>
>SENDER WASSERMAN WADSWORTH, P.C.
>
>*/s/ David V. Wadsworth*
>David V. Wadsworth, #32066
>1660 Lincoln Street, Suite 2200
>Denver, Colorado 80264
>(303) 296-1999; (303) 296-7600 (fax)
>dwadsworth@sww-legal.com
>Attorneys for the Chapter 7 Trustee