## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) Case No. 15-15610-MER |
| SUN RIVER ENERGY, INC. | ) |
| | ) Chapter 7 |
| Debtor | ) |

### SIERRA FOXTROT AND PENNINGTON'S OBJECTION
### TO CLAIM OF TEXAS WORKFORCE COMMISSION
### [Relating to Proof of Claim No. 13]

Pursuant to Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure, Local Rule 3007-1 of this Court, and Section 502 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq*., "*Bankruptcy Code*"), Creditor, Sierra Foxtrot, L.P., and Creditors and Interested Parties, Donal R. Schmidt, Jr and James E. Pennington (collectively "Creditors"), creditors of Sun River Energy, Inc. ("*Debtor*"), hereby object to any secured claim ("Secured Claim") of Texas Workforce Commission ("*Claimant*"), against Debtor, Debtor's property, Debtor's bankruptcy estate, or property of Debtor's bankruptcy estate, including, without limitation, any and all Secured Claim asserted by Claimant in its Proof of Claim filed on or about March 25, 2016, as Claim No. 13 in the Claims Register in this case (as heretofore or hereafter amended or restated in whole or in part, "*Proof of Claim*"), and in support thereof would show as follows:

### PROCEDURAL AND FACTUAL BACKGROUND

1. On May 21, 2015 ("*Petition Date*"), Debtor's creditors filed an involuntary petition seeking relief under Chapter 11 of the United States Bankruptcy Code [Docket No. 1].

2. Claimant filed its Proof of Claim on March 25, 2016, asserting Claims against Debtor and its bankruptcy estate in the amount of $2,255.13 as of the Petition Date. A true and correct copy of the Proof of Claim is attached hereto and incorporated herein as Exhibit A.

3. The Proof of Claim states that the claim is secured by a lien on Debtor's property, consisting of a state tax lien, state abstract of assessment and/or judgment. The amount of the claim secured by property of the Debtor (specifically property owned in Colfax County, New Mexico) acknowledged by Claimant is $2,255.13.

4. On March 27, 2019, the New Mexico state court entered judgment against Claimant finding that Claimant failed to file an answer or enter an appearance in the lawsuit, and that Claimant defaulted any right to assert a lien or claim an interest in Debtor's property. A true and correct copy of this judgment is attached hereto and incorporated herein as Exhibit B.

5. This Court has jurisdiction over this proceeding and contested matter under 28 U.S.C. § 1334. Venue in this District is proper under 28 U.S.C. § 1409. Claimant's disputed claims against Debtor and the validity of such claims are core proceedings under 28 U.S.C. § 157(b)(2)(B) and (K).

## OBJECTIONS TO SECURED CLAIM

6. Pursuant to Section 502(b)(1) of the Bankruptcy Code, Creditors object to the Proof of Claim and the allowance of Claimant's claim as a Secured Claim because such Secured Claim is unenforceable against the Debtor or property of the Debtor under applicable non-bankruptcy laws.

7. Creditors further object to the Proof of Claim and the allowance of Claimant's Secured Claim because Debtor is not obligated, liable, or indebted to Claimant for the amount claimed in the Proof of Claim.

8. Creditors further object to the Proof of Claim and the allowance of Claimant's Claims because a state district court has previously determined that any lien or interest held by Claimant is void and of no effect on the amount listed as a secured claim; therefore, Claimant is barred and/or estopped from asserting his claim based on the doctrines of res judicata and collateral estoppel.

9. Pursuant to Section 502(b)(2) of the Bankruptcy Code, Creditors object to the Proof of Claim and the allowance of Claimant's Claims to the extent such Claims include any unmatured interest as of the Petition Date or any costs, expenses, attorney's fees, late charges, or other fees or charges.

10. Creditors reserve the right to amend, supplement, modify, or restate the foregoing objections in whole or in part. Creditors expressly reserve the right to file a subsequent and/or amended objection to the totality of Claimant's claims that are otherwise listed and/or reclassified as an unsecured claim(s).

WHEREFORE, Creditors respectfully request that, following any hearing required under the rules, the Court enter an Order disallowing the Claimant's Claim and Proof of Claim with respect to his claim being secured by any property of the Debtor in its entirety and granting Creditors such additional and further relief as to which they may be entitled at law or in equity.

Respectfully submitted,

s/ Donal R. Schmidt, Jr.
THE   LAW   FIRM   OF   DONAL   R.
SCHMIDT, JR., PLLC
8723 Rexford Dr.
Dallas, Texas 75209
Telephone: 214-236-1363

Facsimile: 877-676-8527
Email: donschmidtlaw@gmail.com

**Attorney for Creditors**
**Sierra Foxtrot, LP and**
**Donal R. Schmidt, Jr.**


s/ James E. Pennington
LAW    OFFICES    OF    JAMES    E.
PENNINGTON, P.C.
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone: 214-741-3022
Facsimile: 214-617-9289
Email: jep@jeplawyer.com

**Attorney for Creditor**
**James E. Pennington**


## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2022, a true and correct copy of the foregoing *Objection to Claim of Texas Workforce Commission* was served by email attachment, first class United States mail, or electronic transmission through the Court's ECF noticing system on (a) Texas Workforce Commission, Erin C. Reid, 101 E. 15th Street, Room 556 Austin TX 78778-0001, erin.reid@twc.state.tx.us, and the Attorney General, State of Texas, Collection Div., Bankruptcy Sec., P.O. Box 12548 Austin, Texas 78711; and (b) Katharine S. Sender, Cohen & Cohen, P.C., 1720 S Bellaire, Ste 205 Denver, CO 80222, Attorneys for Trustee, and (c) all parties entering appearances in this Chapter 7 case.

*s/ Donal R. Schmidt, Jr.*
Donal R. Schmidt, Jr.

Exhibit A

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Sun River Energy, Inc. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 15-15610-MER |

Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Texas Workforce Commission
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Office of the Attorney General - Bankruptcy & Collections Division<br>Name | Texas Workforce Commission, Regulatory Integrity Division - SAU<br>Name |
| P.O. Box 12548, MC-008<br>Number        Street | 101 E. 15th Street, Room 556: Attention Rick Diaz<br>Number        Street |
| Austin                TX        78771-2548<br>City                State        ZIP Code | Austin                TX        78778-0001<br>City                State        ZIP Code |
| Contact phone (512) 463-2173 | Contact phone (512) 463-2872 |
| Contact email bankruptcytax@texasattorneygeneral.gov | Contact email rid.taxbankruptcy@twc.state.tx.us |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____  Filed on _____
                                                                                      MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:   7   0   9   0

  1   6   3   1

---

**7. How much is the claim?**   $_____2,255.13   **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Unemployment taxes

---

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe:   Pursuant to Texas Tax Code Ch. 113, all taxes, fines, interests, penalties, and fees owed by the debtor(s) are secured by a recorded tax lien in favor of creditor. The tax lien attached to all real and personal property owned, claimed or acquired by the debtor(s). This claim is a Secured Claim to the extent of collateral value. This claim is an Unsecured Priority Claim {11 U.S.C. § 507(s)(8)} to the extent of any shortfall in collateral value.

Basis for perfection:   State Tax Lien/State Abstract of Assessment/Judgment

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $_____2,255.13

Amount of the claim that is secured:   $_____2,255.13

Amount of the claim that is unsecured:   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____2,255.13

Annual Interest Rate (when case was filed)_____37.50_____%

☑ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☑ Yes. Identify the property:   Creditor reserves all setoff rights under Texas law, including those arising from audits, credits, refunds, or payments due for goods and services provided to the State of Texas. _____

---

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__1__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   03/25/2016
                   MM / DD / YYYY

**/s/ Erin C. Reid**
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Erin | C. | Reid |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Account Examiner |
|---|---|

| Company | Texas Workforce Commission |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 101 E. 15th Street, Room 556 |
|---|---|
| | Number        Street |
| | Austin | TX | 78778-0001 |
| | City | State | ZIP Code |

| Contact phone | (512) 475-1191 | Email | erin.reid@twc.state.tx.us |
|---|---|---|---|

XXXXX709-0
003

AUSTIN, TEXAS 78778
CERTIFICATION OF DELINQUENT CONTRIBUTIONS, TAXES, ASSESSMENTS, PENALTIES
AND/OR INTEREST DUE BY EMPLOYER NAMED BELOW FOR PERIODS SHOWN

Employer     SUN RIVER ENERGY INC

INQUIRIES, NOTICES & CORRESPONDENCE:     PAYMENTS
Attorney General, State of Texas     Texas Workforce Commission
Collection Div., Bankruptcy Sec.     Regulatory Integrity Div., Special Action Unit
P.O. Box 12548     101 E 15th Street  Rm. 556
Austin, Texas 78711     Austin, Texas 78778-0001

| PERIOD (CALENDAR QUARTER) | TOTAL TAXABLE WAGES | TAX RATE (%) | CONTRIBUTION DUE | DELINQUENCY DATE | SEC. 213.021 LATE PAYMENT INTEREST RATE(%) | SEC. 213.021 LATE PAYMENT INTEREST DUE | SEC. 213.025 JUDGMENT/ ASSESSMENT INTEREST RATE (%) | SEC. 213.025 JUDGMENT/ ASSESSMENT INTEREST DUE | SEC 213.022 PENALTIES, FEES & OTHER CHARGES |
|---|---|---|---|---|---|---|---|---|---|
| 1q12 | $108,578.60 | 3.88 | $1,209.95 (BAL) | 5/1/2012 | 37.50 | $453.70 | | | $222.87 |
| 2q12 | $2,451.30 | 3.88 | $95.11 | 8/1/2012 | 37.50 | $35.67 | | | $63.68 |
| 3q12 | $999.80 | 3.88 | $38.79 | 11/1/2012 | 37.50 | $14.55 | | | |
| xxx | xxx | xx | $1,343.85 | xxx | xx | $503.91 | xx | $0.00 | $286.55 |

TOTAL AMOUNT DUE AS OF  March-2016          FOR PERIODS SHOWN ABOVE:          $2,134.31

#(NOTE:  T.U.C.A., LABOR CODE, Sec. 213.021 and 213.025 provides for late payment interest on delinquent contributions or taxes and interest on contributions or taxes reduced to judgment or final assessment.  Section 213.022 provides that penalties are assessed for late submission of or failure to submit Employer's Quarterly Report.)

THE STATE OF TEXAS §

COUNTY OF TRAVIS §

The undersigned, an authorized representative of the Texas Workforce Commission, hereby certifies in accordance with T.U.C.A., LABOR CODE, Sec. 213.034, that the foregoing statement was made from reports or audits of the employer named above which are on file in the  offices of the Texas Workforce Commission. The contributions, taxes, assessments, penalties, or interest shown to be due by the above statement are past due and unpaid and all just and lawful offsets, payments, and credits have been allowed.



/s/ Erin C. Reid, Account Examiner
Regulatory Integrity Division, Texas Workforce Commission

EXHIBIT A - 1 of 2

C-100 (0696)
FORM C100S

AUSTIN, TEXAS 78778

CERTIFICATION OF DELINQUENT CONTRIBUTIONS, TAXES, ASSESSMENTS, PENALTIES
AND/OR INTEREST DUE BY EMPLOYER NAMED BELOW FOR PERIODS SHOWN

Employer     PC OPERATING TEXAS INC

| INQUIRIES, NOTICES & CORRESPONDENCE: | PAYMENTS |
|---|---|
| Attorney General, State of Texas | Texas Workforce Commission |
| Collection Div., Bankruptcy Sec. | Regulatory Integrity Div., Special Action Unit |
| P.O. Box 12548 | 101 E 15th Street  Rm. 556 |
| Austin, Texas 78711 | Austin, Texas 78778-0001 |

| PERIOD (CALENDAR QUARTER) | TOTAL TAXABLE WAGES | TAX RATE (%) | CONTRIBUTION DUE | DELINQUENCY DATE | SEC. 213.021 LATE PAYMENT INTEREST RATE(%) | SEC. 213.021 LATE PAYMENT INTEREST DUE | SEC. 213.025 JUDGMENT/ ASSESSMENT INTEREST RATE (%) | SEC. 213.025 JUDGMENT/ ASSESSMENT INTEREST DUE | SEC 213.022 PENALTIES, FEES & OTHER CHARGES |
|---|---|---|---|---|---|---|---|---|---|
| 3q10 | $1,273.30 | 6.90 | $87.86 | 11/1/2010 | 37.50 | $32.95 | | | |
| xxx | xxx | xx | $87.86 | xxx | xx | $32.95 | xx | $0.00 | $0.00 |

TOTAL AMOUNT DUE AS OF  March-2016       FOR PERIODS SHOWN ABOVE:    $120.81

| |
|---|
| Liability as successor employer in accordance with § 204.086  Texas Labor Code. |

#(NOTE:  T.U.C.A., LABOR CODE, Sec. 213.021 and 213.025 provides for late payment interest on delinquent contributions or taxes and interest on contributions or taxes reduced to judgment or final assessment.  Section 213.022 provides that penalties are assessed for late submission of or failure to submit Employer's Quarterly Report.)

THE STATE OF TEXAS §

COUNTY OF TRAVIS §

The undersigned, an authorized representative of the Texas Workforce Commission, hereby certifies in accordance with T.U.C.A., LABOR CODE, Sec. 213.034, that the foregoing statement was made from reports or audits of the employer named above which are on file in the  offices of the Texas Workforce Commission. The contributions, taxes, assessments, penalties, or interest shown to be due by the above statement are past due and unpaid and all just and lawful offsets, payments, and credits have been allowed.



               /s/ Erin C. Reid, Account Examiner
               Regulatory Integrity Division, Texas Workforce Commission

EXHIBIT A - 2 of 2

C-100 (0696)
FORM C100S

(Page 1 of 1)

Case 15-15610-MER Doc#:337-1 Filed 09/02/22 Entered 09/02/22 14:58:38 Page 10 of 26
Case 15-23610-MER Claim 13 Filed 03/23/10 Desc Main Document Page 6 of 6

ORIGINAL INSTRUMENT
30-001

# NOTICE OF STATE TAX LIEN



709-0

TWC Tax Account No.

Know all men by these presents, that the employing unit named below is subject to the provisions of the Texas Unemployment Compensation Act and is indebted to the State of Texas, through the Texas Workforce Commission, for Unemployment Taxes, Interest Taxes, and other charges, in the current amount of $ _____ 19,333.68 _____ as scheduled below; plus any indebtedness of the same nature which may accrue or be incurred subsequent to the filing of this notice. The amounts shown below in the column headed "TAX" are tax exclusively and do not include penalty, interest, or any other charge.



08/29/2012 02:05:19 PM

201200256701

STL 1/1

8
0
3
8
7
3
8
7
0
1
5

SUN RIVER ENERGY INC
5950 BERKSHIRE LN STE 1650
DALLAS TX  75225-5893

| QUARTER OR DATE | TAX | OTHER CHARGES | QUARTER OR DATE | TAX | OTHER CHARGES | QUARTER OR DATE | TAX | OTHER CHARGES |
|---|---|---|---|---|---|---|---|---|
| 3-10 | 823.66 | 271.70 | | | | | | |
| 4-10 | 395.70 | 112.86 | | | | | | |
| 1-11 | 7,943.02 | 1,906.40 | | | | | | |
| 2-11 | 1,483.53 | 289.25 | | | | | | |
| 3-11 | 2,256.59 | 338.50 | | | | | | |
| 4-11 | 71.50 | 7.49 | | | | | | |
| 1-12 | 3,018.49 | 403.99 | | | | | | |
| 08-20-12 LIEN FEE | | 11.00 | | | | | | |

This indebtedness consists of unpaid contributions (taxes), interest and penalty and other charges which are delinquent under the terms of said Act (and Commission Rules) and for which a lien is established under the provisions of the Texas Unemployment Compensation Act, Labor Code, as amended (Chapter 201 et seq), and Subchapter A of Chapter 113, Tax Code. Notice of the attachment of said lien upon all property, both real and personal, belonging to such employing unit or to any individual so indebted is herewith made pursuant to the Texas Unemployment Compensation Act, Labor Code, as amended (Chapter 201 et seq), and Subchapter A of Chapter 113, Tax Code.

Given under my hand and official seal of the Texas Workforce Commission  on the 20th day of  AUGUST, 2012



TEXAS WORKFORCE COMMISSION by

John Moore

John Moore, Regulatory Integrity Division

| DALLAS | County Clerk certification and recording information — Please Return |
|---|---|

Filed and Recorded
Official Public Records
John F. Warren, County Clerk
Dallas County, TEXAS
08/29/2012 02:05:19 PM
$11.00

201200256701

RETURN TO: Texas Workforce Commission, 101 E. 15th Street, Rm 556, Austin, TX  78778-0001

**EXHIBIT B**

C116SR(0411)

FILED
8th JUDICIAL DISTRICT COURT
Colfax County
3/27/2019 4:21 PM
BERNABE P. STRUCK
CLERK OF THE COURT
Rhonda Aragon

**STATE OF NEW MEXICO**              Exhibit B
**COUNTY OF COLFAX**
**EIGHTH JUDICIAL DISTRICT COURT**


**NOVA LEASING, LLC,**

       **Plaintiff,**

**v.**                                                                    **Case No. D-809-CV-2015-00030**

**SUN RIVER ENERGY, INC.,**
**LOCKHART OIL & GAS, LLC.**
**THIMOTHY S. WAFFORD,**
**SIERRA FOXTROT, LP,**
**JAMES E. PENNINGTON, AND**
**JAMES E. AND IVA L. BALLARD**

       **Defendants.**

**v.**

**TITLE SERVICES, INC.,**
**STATE OF TEXAS, TEXAS WORKFORCE**
**COMMISSION, UNITED STATES OF**
**AMERICA DEPARTMENT OF TREASURY,**
**INTERNAL REVENUE SERVICE, CPR**
**OPERATIONS, L.P., TONAQUINT, INC.,**
**ERIK S. NELSON, STEVE STEPHENS,**
**AND CORAL CAPITAL PARTNERS, INC.**

       **Third Party Defendants.**


**STIPULATED JUDGMENT ESTABLISHING VALIDITY, EXTENT AND PRIORITY**
**OF INTERESTS IN REAL PROPERTY**

The Parties to this Stipulated Judgment are Plaintiff Nova Leasing, LLC ("Nova"),

Defendants, James E. Pennington ("Pennington"), Sierra Foxtrot, LP, ("Sierra Foxtrot"), James

E. and Iva L. Ballard ("Ballards"), and Third Party Defendants Tonaquint, Inc., ("Tonaquint"),

Erik S. Nelson, Steve Stephens and Coral Capital Partners, Inc.  The aforementioned Parties, by

and through the undersigned attorneys, submit the following Stipulation resolving all issues as to the validity, extent and priority of the Parties' respective lien interests in the Real Property (defined below) which are the subject of this action. The Parties hereto stipulate as follows:

1.      The Court has jurisdiction over the Parties and subject matter of this action.

2.      The Real Property, as defined in paragraph 4 below, which is the subject of this action is located in Colfax County, New Mexico, and therefore, venue is proper in this Court.

3.      Title Services, Inc. and the United States of America, Department of the Treasury, Internal Revenue Service have filed Disclaimers of Interest with respect to the Real Property and have thereby consented to entry of judgment herein without further notice.

### The Property Interests Subject to This Foreclosure Proceeding

4.      The property interests, which are the subject of this foreclosure proceeding, consist of oil, gas and other mineral interests acquired by Sun River Energy, Inc. ("Sun River") through one or more the following deeds:

a.   Quitclaim Deed from Robert A. Doak, Jr. to Sun River Energy, Inc. dated March 23, 2006, recorded as Document No. 200702306 in the public records in the office of the County Clerk of Colfax County, New Mexico.

b.   Quitclaim Deed (Correction Deed) from Robert A. Doak, Jr. and Frances L. Doak, husband and wife to Sun River Energy, Inc., dated May 4, 2009, recorded as Document No. 201002857 in the public records in the office of the County Clerk of Colfax County, New Mexico.

c.   Quitclaim Deed (Second Correction Quitclaim Deed) from Robert A. Doak, Jr. and Frances L. Doak, husband and wife, to Sun River Energy, Inc., dated January 10, 2011, but effective May 9, 2009, recorded as Document No. 201100123 in the public records in the office of the County Clerk of Colfax County, New Mexico (herein, "Real Property").

### The PSW Promissory Notes and Mortgage

5.      On June 4, 2012, Sun River, for valuable consideration, issued a promissory note to James E. Pennington in principal amount of $298,791.57 ("Pennington Note"). Pennington is the owner and holder of the Pennington Note.

6.      On June 4, 2012, Sun River, for valuable consideration, issued a promissory note to Sierra Foxtrot, LP in the principal amount of $2,545,896.10 ("Sierra Foxtrot Note"). Sierra Foxtrot is the owner and holder of the Sierra Foxtrot Note.

7.      On June 4, 2012, Sun River also executed a Mortgage, Security Agreement, Financing Statement and Assignment of Production and Revenue ("PSW Mortgage"), covering the Real Property, which secured payment of the Pennington Note and the Sierra Foxtrot Note (collectively the "Promissory Notes").

8.      The Promissory Notes and the PSW Mortgage were approved by the Board of Directors of Sun River. Pennington and Sierra Foxtrot collectively own and hold the PSW Mortgage.

9.      The PSW Mortgage was recorded on June 6, 2012 in the real property records of Colfax County, New Mexico as Document No. 201201646 and recorded again on June 11, 2012 in the real property records of Colfax County, New Mexico as Document No. 201201705. As a result, Pennington has a valid lien which is fully enforceable and extends to provide the maximum protection allowed by law to a lienholder and includes, without limitation, all principal amounts owed under the Pennington Note, interest accrued thereon, and Pennington's attorney's fees and costs incurred in this action as well as any other proceeding to enforce or preserve any rights with respect to the Pennington Note or the PSW Mortgage (the "Pennington Lien"). Also, as a result, Sierra Foxtrot has a valid lien which is fully enforceable and extends to provide the maximum protection allowed by law to a

3

lienholder and includes, without limitation, all principal amounts owed under the Sierra Foxtrot Note, interest accrued thereon, and Sierra Foxtrot's attorney's fees and costs incurred in this action as well as any other proceeding to enforce or preserve any rights with respect to the Sierra Foxtrot Note or the PSW Mortgage (the "Sierra Foxtrot Lien").

10.     On or about June 8, 2015, Sun River filed a form 8-K with the Securities and Exchange Commission announcing the details of the Promissory Notes and the PSW Mortgage, and copies of the Promissory Notes and the PSW Mortgage were filed of public record with the Securities and Exchange Commission.

### The Ballard Mortgage

11.     On or about September 26, 2012, for valuable consideration, Sun River executed and delivered to the Ballards a Secured Promissory Note ("Ballard Note") in the principal sum of $800,000.00 plus interest as provided in the Promissory Note, and containing provisions for recovery of costs of collection, including reasonable attorneys' fees.

12.     On September 26, 2012, Sun River executed and provided to the Ballards a Mortgage ("Ballard Mortgage") regarding the same property encumbered by the PSW Mortgage. The Ballard Mortgage secured payment of the Ballard Note.

13.     The Ballard Mortgage was recorded on April 26, 2013 as Document No. 201301246 in the records of the Clerk of Colfax County, New Mexico.

14.     The Ballard Note and Mortgage were granted as part of a settlement of litigation filed by the Ballards and others, which settlement and the Ballard Note and Ballard Mortgage were approved by the Board of Directors of Sun River.

15.     The Ballards are the owners and holders of the Ballard Note and Ballard Mortgage. As a result, the Ballards have a valid lien which is fully enforceable and extends to

provide the maximum protection allowed by law to a lienholder and includes, without limitation, all principal amounts owed under the Ballard Note, interest accrued thereon, and attorney's fees and costs incurred in this action as well as any other proceeding to enforce or preserve any rights with respect to the Ballard Note or the Ballard Mortgage (the "Ballard Lien").

### The Nova Leasing Mortgage

16.     On or about May 17, 2013, for valuable consideration, Sun River executed and delivered to Nova Leasing a Secured Promissory Note ("Nova Leasing Note") in the principal sum of $200,000.00 plus interest as provided in the Nova Leasing Promissory Note, and containing provisions for recovery of costs of collection, including reasonable attorneys' fees.

17.     On or about May 17, 2013, Sun River executed and provided to Nova Leasing, LLC  a mortgage ("Nova Leasing Mortgage") regarding the same property encumbered by the PSW Mortgage and the Ballard Mortgage.  The Nova Leasing Mortgage secured payment of the Nova Leasing Note.

18.     The Nova Leasing Mortgage was recorded on June 6, 2013 as Document No. 201301715 in the records of the Clerk of Colfax County, New Mexico.

19.     The Nova Leasing Mortgage was executed by Sun River in connection with the settlement of a lawsuit between Nova Leasing and Sun River. The Nova Leasing settlement agreement and the Nova Leasing Note and Nova Leasing Mortgage were approved by the Board of Directors of Sun River.

20.     Nova is the owner and holder of the Nova Leasing Note and Nova Leasing Mortgage.  As a result, Nova Leasing has a valid lien which is fully enforceable and extends to provide the maximum protection allowed by law to a lienholder and includes, without

limitation, all principal amounts owed under the Nova Leasing Note, interest accrued thereon, and attorney's fees and costs incurred in this action as well as any other proceeding to enforce or preserve any rights with respect to the Nova Leasing Note or the Nova Leasing Mortgage (the "Nova Leasing Lien").

### Sun River Receivership Proceeding and Sale to Lockhart

21.     On November 15, 2013, one of Sun River's creditors, CPR Operations, Inc., filed an insolvency proceeding against Sun River in Montgomery County, Texas.

22.     On September 19, 2014, the court appointed a receiver for Sun River in the Montgomery County lawsuit.

23.     On January 22, 2015, the receiver in the Montgomery County lawsuit entered into an agreement to sell the property to Lockhart Oil & Gas, LLC ("Lockhart"), subject to certain liens asserted against the Real Property including the PSW Mortgage, the Ballard Mortgage and the Nova Leasing Mortgage.

24.     On January 23, 2015, the receiver in the Montgomery County lawsuit sought court approval for the sale of the Real Property.

25.     On January 28, 2015, the Court approved the sale of the Real Property pursuant to the terms of the agreement between the receiver and Lockhart.

26.     Pursuant to the agreement between the receiver and Lockhart, the sale of the Real Property was expressly made subject to any and all valid and enforceable liens, claims and encumbrances existing as of the closing date.

27.     The closing date of the sale to Lockhart occurred on or about April 21, 2015. On that same date, Sun River executed a deed to Lockhart for the Real Property.

28.     Prior to the closing, a notice of lis pendens regarding the Real Property was

recorded on March 12, 2015 as Document No. 201500691 in the records of the Clerk of Colfax County, New Mexico.

29.     Prior to the closing, Lockhart was served with this lawsuit and entered an appearance on April 13, 2015.   Lockhart's Answer was filed April 13, 2015.

30.     On May 14, 2015, Lockhart recorded its deed from Sun River in the real property records of Colfax County, New Mexico.

31.     Lockhart has not satisfied the existing claims of PSW, the Ballards or Nova Leasing.

### Filing of this Action, Involuntary Bankruptcy Case, and Relief Granted by the Bankruptcy Court

32.     Because of various defaults by Sun River under the Pennington Note, Pennington filed the Original Complaint in this Court on February 26, 2015.

33.     On May 21, 2015, an Involuntary Petition to place Sun River in Chapter 7 bankruptcy, Case No. 15-15610 MER, was filed in the United States Bankruptcy Court for the District of Colorado ("Bankruptcy Court").

34.     Sun River did not answer the Involuntary Petition and an Order for Relief was entered on June 17, 2015.  The Order for Relief instituted an automatic stay which precluded further proceedings in this action.

35.     On November 30, 2015, Harvey Sender, the Chapter 7 Trustee of the Sun River Bankruptcy Estate ("Trustee"), filed an adversary proceeding against Lockhart, Adversary No. 15-1491 MER, ("Lockhart Adversary") which sought to set aside and avoid the above-described transfer of the Real Property to Lockhart and recover the Real Property for the Bankruptcy Estate.

36.     On April 25, 2016,  the Trustee filed a Motion in the Bankruptcy Court to

7

approve a settlement agreement between the Trustee, Lockhart and Matthew Hainline. On May 18, 2016, the Bankruptcy Court entered an order approving the settlement of the Lockhart Adversary.

37. Under the approved settlement, Lockhart agreed to convey the Real Property to the Bankruptcy Estate. In exchange, the Trustee agreed to grant Lockhart a senior lien on the Real Property in the amount of $318,352.96, being the amount that Lockhart paid for the Real Property and to acquire an assignment of the PR Judgment ("Lockhart Senior Lien").

38. Under the approved settlement, Lockhart also received a lien in an amount not to exceed $250,000.00 for certain expenses it incurred in connection with the Real Property ("Lockhart Junior Lien"). This lien is junior to all record liens, mortgages and encumbrances against the Real Property, including all that are described in the pleadings filed in this action.

39. On March 17, 2017, Nova Leasing filed a Motion for Leave from Automatic Stay to Pursue Counterclaims in Foreclosure Action in the Sun River bankruptcy case.

40. On May 24, 2017, the Bankruptcy Court entered its Order Granting Motion for Leave from Automatic Stay to Pursue Claims in Foreclosure Proceeding. This Order granted relief from the automatic stay to allow this Court to determine the extent, validity and priority of liens against the Real Property. The Order reserves Bankruptcy Court jurisdiction to determine the amount of the claims against the Real Property and also to determine if any claims are subject to subordination under applicable bankruptcy law. On February 6, 2019, the Bankruptcy Court entered an Order clarifying the Order entered on May 24, 2017.

### Other Lien Claimants

41. Tonaquint, Inc. ("Tonaquint") claims an interest in the Real Property by virtue of a transcript of judgment recorded on October 6, 2014 as Document No. 201402934 in

Colfax County, New Mexico (the "Tonaquint Lien").

42.     Erik S. Nelson, Steve Stephens and Coral Capital Partners (collectively "Coral Capital") claim an interest in the Real Property by virtue of two judgments recorded on March 16, 2015 as Document No. 201500727 and on March 24, 2015 as Document No. 201500800 in Colfax County, New Mexico (the "Coral Capital Lien").

43.     The IRS asserted an interest in the Real Property by reason of its Notice of Federal Tax Lien recorded in the Records of the County Clerk, Colfax County, Document No. 2009026957 on March 13, 2009.  The IRS has disclaimed and makes no claim to the Real Property in this action.

44.     Title Services asserted a lien on the Real Property by virtue of its Claim of Lien recorded on January 26, 2012 as Document No. 201200233 in Colfax County, New Mexico. Title Services has disclaimed and makes no claim to the Real Property in this action.

45.     Texas Workforce Commission ("TWC") may claim a lien on the Real Property by virtue of an administrative lien recorded on October 28, 2013 as Document No. 201303275 in Colfax County, New Mexico. TWC has not filed an answer or entered an appearance in this case. As a result, TWC has defaulted any right to assert a lien or claim an interest in the Real Property.

46.     Thimothy Wafford ("Wafford") may claim a lien on the Real Property by virtue of PSW Mortgage recorded on June 6, 2012 in the real property records of Colfax County, New Mexico as Document No. 201201646 and recorded again on June 11, 2012 in  the real property records of Colfax County, New Mexico as Document No. 201201705. Wafford has not filed an answer or entered an appearance in this case.  As a result, Wafford has defaulted any right to assert a lien or claim an interest in the Real Property and, pursuant to the Court's

March 7, 2019 Order on Nova Leasing, LLC's Motion for Default Judgment Against Thimothy Wafford, any lien, interest or other claim by Wafford against the Real Property is void and of no effect.

47.     The IRS asserted an interest in the Real Property by virtue of a federal tax lien recorded on December 9, 2013 as Document No. 201303699 in Colfax County, New Mexico. The IRS has disclaimed and makes no claim to the Real Property in this action.

48.     CPR Operations may claim an interest in the Real Property by virtue of an abstract of judgment recorded on August 11, 2014 as Document No. 201402204 in Colfax County, New Mexico.  CPR Operations was paid in full as a result of the sale of the Real Property to Lockhart described in paragraphs 21 through 26 above. Thus, it has disclaimed and makes no claim to the Real Property in this action.

### Interests in the Real Property and Lien Priorities

49.     The Parties to this Stipulated Judgment further stipulate and agree to a compromise and settlement of the claims asserted in this action by adoption of the priorities as set forth below concerning their respective liens against the Real Property.  Based upon the record before the Court, and the stipulation of the Parties hereto, this Court finds that the following interests attach to the Real Property and shall be recognized and enforceable in the order of priority set forth below:

      a.  The Pennington Lien is valid and fully enforceable and extends to provide the maximum protection allowed by law to a lienholder. The Pennington Lien is first in order of priority.

      b.  The Lockhart Senior Lien in the amount of $318,352.96 is second in order of priority.

c.  The Sierra Foxtrot Lien is valid and fully enforceable and extends to provide the maximum protection allowed by law to a lienholder. The Sierra Foxtrot Lien shall be deemed third in order of priority and equal in priority to the Ballard Lien and the Nova Leasing Lien.

d.  The Ballard Lien is valid and fully enforceable and extends to provide the maximum protection allowed by law to a lienholder. The Ballard Lien shall be deemed third in order of priority and equal in priority to the Sierra Foxtrot Lien and the Nova Leasing Lien.

e.  The Nova Leasing Lien is valid and fully enforceable and extends to provide the maximum protection allowed by law to a lienholder. The Nova Leasing Lien shall be deemed third in order of priority and equal in priority to the Sierra Foxtrot Lien and the Ballard Lien.

f.  The Tonaquint Lien is valid and fully enforceable and extends to provide the maximum protection allowed by law to a lienholder. The Tonaquint Lien is fourth in order of priority after the liens set forth in subparaphs a – e above.

g.  The Coral Capital Lien is valid and fully enforceable and extends to provide the maximum protection allowed by law to a lienholder. The Coral Capital Lien is fifth in order of priority after the liens set forth in subparaphs a – f above.

### Issues Reserved for Decision by the Bankruptcy Court

50.  The Parties to this Stipulated Judgment understand and agree that the amount of their respective lien interest is not being determined in this Stipulated Judgment, and that the amount of each Party's lien interest will be determined by the Bankruptcy Court. Further, any determination by the Bankruptcy Court regarding the amount of any Party's lien will not affect

this Stipulated Judgment – it being expressly understood that no Party may contest or dispute the extent, validity or priority of the liens as stipulated in paragraph 49 above.

51.     The Parties to this Stipulated Judgment understand and agree that this Stipulated Judgment is not making any determination regarding the subordination of any claim under applicable bankruptcy law, and that any such subordination issues, if any, will be determined by the Bankruptcy Court. Further, any determination by the Bankruptcy Court regarding the subordination of any Party's lien will not affect this Stipulated Judgment – it being expressly understood that no Party may contest or dispute the extent, validity or priority of the liens as stipulated in paragraph 49 above.

52.     The Parties to this Stipulated Judgment agree that they will not contest or dispute in the Bankruptcy Court the amount of any lien held by any Party to this Stipulated Judgment, including the principal amount of the lien, interest or attorney's fees.  The Parties to this Stipulated Judgment further agree that they will not seek to recover attorney's fees or costs from any of the Parties to this Stipulated Judgment.

53.     The Parties to this Stipulated Judgment agree that they will not assert or file, or assist anyone else in asserting or filing, any claim for subordination (or other adverse claims) against any Party to this Stipulated Judgment in the Bankruptcy Court.

54.     The Parties to this Stipulated Judgment agree that they will not assist anyone  in setting aside any default judgment entered by this Court.

55.     The Parties to this Stipulated Judgment agree that they will execute any additional documents which may be necessary to effectuate the intent of this Stipulated Judgment, including, but not limited to, any document which may be necessary to accomplish the extent, validity, or priority of the liens as expressed in paragraph 49 of this Stipulated

12

Judgment.

56.     Any of the Parties to this Stipulated Judgment may seek approval of this Stipulated Judgment from the Bankruptcy Court within 30 days of the date this Stipulated Judgment is entered by this Court. If such approval is sought, or if any finding of this Stipulated Judgment is contested or objected to by any person in this Court or the Bankruptcy Court, and in the event the Bankruptcy Court does not accept all findings of this Court or this Court modifies any finding of this Stipulated Judgment, then, at the option of any of the Parties hereto and upon notice thereof filed with this Court:  (a) any stipulation of such party set forth in this Stipulated Judgment shall be void and of no effect and not admissible in this or any other subsequent proceeding; and (b) trial on any pending claim or defense may be re-set in this Court.

### Matters over which this Court should retain jurisdiction

57.     The trial of this matter scheduled for April 3 – 9, 2019 is continued.  This Court will retain jurisdiction of this case, pending further notice from any Party regarding such Party's right to request a trial pursuant to paragraph 56 above and for purposes of enforcing the terms of this Stipulated Judgment.

58.     Plaintiff Nova Leasing shall be responsible for providing this Court with a status report every 90 days, beginning from the date this order is signed, and advising this Court whether the Bankruptcy Court has accepted the findings as set forth above.

Signed this 27th day of March , 2019

_____
District Judge

13

**AGREED:**

/s/ James E. Pennington via email 3/26/2019
James E. Pennington
Texas State Bar No. 15758510
LAW OFFICES OF JAMES E. PENNINGTON
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone: 214-741-3022
Facsimile: 214-741-3055
jep@jeplawyer.com
     -AND-
K. Douglas Perrin
Bar ID No. 2064
THE PERRIN LAW FIRM
1322 Paseo de Peralta, Lower Level
Santa Fe, New Mexico 87501
Telephone: (505) 989-8800
Facsimile: (214) 646-6117
dougperrin@perrinlaw.org

**Attorneys for James E. Pennington**

/s/ Donal R. Schmidt, Jr. via email 3/26/2019
Donal R. Schmidt, Jr. , Esq.
Texas Bar # 00798486
The Law Firm of Donal R. Schmidt, Jr., PLLC
5580 Peterson Ln.
Suite 200
Dallas, TX 75220-5085
214-236-1363
877-676-8527 (fax)
donschmidtlaw@gmail.com
     -AND-
RAY FLOERSHEIM
New Mexico Bar No. 0825
PO Box 1437
Raton, NM 87740
Phone: (575) 475-3370
Fax: (575) 475-3369
floersheimj@bacavalley.com

**Attorney for Sierra Foxtrot, LP**

/s/ Tobin D. Kern via email 3/25/2019
Stephen A. Hess
N.M. Atty. ID #141597
SHERMAN & HOWARD L.L.C.
90 S. Cascade Ave., Ste. 1500
Colorado Springs, CO 80903
Telephone: (719) 448-4042
Facsimile: (719) 635-4576
shess@shermanhoward.com
     -AND-
Tobin D. Kern
N.M. Atty. ID #29384
VOLANT LAW LLC
333 W. Hampden Ave., Ste. 1000
Englewood, CO 80110
Phone: (303) 790-8400
tkern@volantlaw.com

**Attorneys for Nova Leasing, LLC**

/s/ Mary L. Johnson via email 3/25/2019
George Dave Giddens
Mary L. Johnson
GIDDENS, GATTON & JACOBUS P.C.
10400 Academy NE, Suite 350
Albuquerque, NM 87111
Phone: (505) 271-1053
dave@giddenslaw.com
mjohnson@giddenslaw.com

**Attorneys for James and Iva Ballard**

/s/Spencer   L.   Edelman   via   email
3/26/2019

14

*/s/Jeffrey A. Dahl via email 3/26/2019*
Jeffrey A. Dahl
New Mexico Bar No. 0622
Alan J. Dahl
New Mexico Bar No. 148072
HOLT MYNATT MARTINEZ, P.C.
P.O. Box 2699
Las Cruces, NM 88004-2699
(575) 306-0758
jad@hmm-law.com
ajd@hmm-law.com

**Attorneys for Tonaquint, Inc.**

Spencer L. Edelman
MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A
PO Box 2168
Albuquerque, New Mexico 87103-2168
(505) 848-1800
sle@modrall.com

**Attorneys for Coral Capital Partners, Inc., Erik S. Nelson, and Steve Stephens**

*/s/Jason Bradley Ostrom via email 3/26/2019*
Jason Bradley Ostrom
OSTROM PC
Texas State Bar No. 24027710
4301 Yoakum Blvd
Houston, Texas 77006
(888) 869-9015
jason@ostrompc.com

**Attorneys for (i) CPR Interests, LLC, General Partner of defendant CPR Operations, L.P. (an inactive partnership), (ii) Randy Bartlett (partner of CPR Operations, L.P.) and (iii) Pherl Brossman (partner of CPR Operations, L.P.)**

## UNITED STATES BANKRUTPCY COURT
## DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 15-15610-MER |
| SUN RIVER ENERGY, INC. | ) | |
| | ) | Chapter 7 |
| Debtor | ) | |

### ORDER GRANTING OBJECTION TO CLAIM OF TEXAS WORKFORCE COMMISSION

THIS MATTER came before the Court upon the Objection to the claim of Texas Workforce Commission ("Objection") pursuant to Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure, Local Rule 3007-1 of this Court, and Section 502 of the United States Bankruptcy Code filed by Creditor, Sierra Foxtrot, L.P., and Creditors and Interested Parties, Donal R. Schmidt, Jr and James E. Pennington (collectively "*Creditors*"). The Court,

FINDING the Objection is well founded and that the secured claim of Texas Workforce Commission is unenforceable against the Debtor or property of the Debtor and shall not be allowed, and

FURTHER FINDING proper notice of the Objection was given to all interested parties and no objections were filed and the secured claim of Texas Workforce Commission shall not be allowed,

ORDERS that the Objection is GRANTED in all respects and the secured claim of Texas Workforce Commission shall not be allowed.

DATED this _____ day of _____, 2022.

BY THE COURT:

_____
United States Bankruptcy Judge