## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15-15610 MER |
| SUN RIVER ENERGY, INC., ) | |
| ) | Involuntary Chapter 7 |
| Debtor. ) | |

### TRUSTEE'S OBJECTION TO MOTION AND JOINDER
### FILED BY TONAQUINT, INC.

Harvey Sender, in his capacity as chapter 7 trustee ("Trustee") of the Sun River Energy, Inc. bankruptcy estate (the "Estate"), hereby objects to the Joinder of Creditor Tonaquint, Inc. To Ballard Motion to Pay ("Motion") at ECF No. 394 filed by Tonaquint, Inc. ("Creditor"), and in support states as follows:

### BACKGROUND

1. An involuntary bankruptcy proceeding was commenced against Sun River Energy, Inc. ("Debtor') on May 21, 2015. The Court entered an order for relief on June 17, 2015, and the Trustee was appointed on June 23, 2015. The Debtor was an oil and gas exploration company with operations primarily located in New Mexico. The Debtor owns mineral rights in and about Colfax County, New Mexico (collectively, the "Assets"). Trustee sold the Assets generating a return to the Estate, which was approved by this Court.

2. After extensive litigation, this Court entered its Order Granting Motion to Approve Settlement Agreement between Trustee, Donal R. Schmidt, Jr., Sierra Foxtrot, L.P. and James E. Pennington. ECF No. 222. Pursuant to that Court approved Settlement Agreement and the order entered by the New Mexico state court, the Trustee may pay the allowed and Court approved secured claims holding first through third priority position of Nova Leasing, Ballard, Pennington

and Sierra Foxtrot, plus any administrative expenses. *See* ECF No. 368, ¶¶ 16-17. Following the Assets sale, such creditors and professionals have filed their respective motions.

3. On March 21, 2023, this Court entered an Order Granting James and Iva Ballard's Motion to Allow and Pay Secured Claim. ECF No. 391. In accordance with the Order, Trustee distributed the authorized funds to the Ballards. Creditor never conferred with Trustee prior to filing its Motion and Joinder.

4. Creditor filed its Motion as Joinder to the Ballard's Motion. To the extent it seeks to join the Ballards' Motion, the request is moot as the funds have been distributed pursuant to the Order entered by this Court.

5. The sale of the Assets generated sufficient funds to pay the foregoing allowed secured claims, which were previously approved by the Court. However, the sale of the Assets will not generate sufficient funds to pay all secured claims in full.

6. Trustee is reviewing proofs of claims and will file objections as necessary. Trustee is winding up the estate and will afterwards make distributions. All other claims, secured or unsecured, must wait until the final distribution to receive their share of the remaining proceeds.

WHEREFORE, the Trustee respectfully requests that the Court deny Creditor's Motion as moot and/or procedurally inappropriate, and such other relief as the Court deems appropriate under the circumstances.

Dated: March 29, 2023.

*/s/ Katharine S. Sender*_____
Katharine S. Sender, 47925
1720 S. Bellaire St; Ste 205
Denver, CO 80222
Phone: (303) 933-4529
Fax: (866) 230-8268
ksender@cohenlawyers.com
*Counsel for chapter 7 trustee*

## CERTIFICATE OF SERVICE

      I hereby certify that on this day March 29, 2023, I served the Trustee's Objection Motion Filed by Tonaquint, Inc., to be served to all parties entitled to CM/ECF electronic filing and U.S. First Class Mail on the following:

| | |
|---|---|
| Bruce White<br>201 S. Main St., Ste 1800<br>Salt Lake City, Utah 84111<br>Via CM/ECF | Harvey Sender, Chapter 7 trustee<br>*Via client email* |
| U.S. Trustee<br>Byron G. Rogers Federal Building<br>1961 Stout St., Ste. 12-200<br>Denver, Co 80294<br>*Via CM/ECF* | |